**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 13, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────────────

No. 05-20786

───────────────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROCKY DWAYNE LEWIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-436-ALL
--------------------

Before GARWOOD, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rocky Dwayne Lewis appeals his bench-trial conviction for (1) possession with intent to distribute five grams or more of methamphetamine, (2) possession with intent to distribute a mixture containing a detectable amount of 3, 4-methylenedioxymethamphetamine, and (3) possession of one or more firearms in furtherance of a drug-trafficking crime. He contends that the district court erred in denying his motion to suppress evidence seized from his hotel room safe and from his vehicle and person following his arrest.

───────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Lewis asserts that Keylesa Carson, an individual found in his hotel room, was acting as an agent for the government when she opened the hotel room safe in which officers found crystal meth and a .45 caliber pistol. Lewis maintains that, even though he gave Carson the combination to the safe without being asked for it, he never consented to the safe being searched, so that search was unlawful. Lewis reasons that the agents improperly relied on the evidence found in the safe to arrest him, thereby invalidating the search of his car. Lewis therefore contends that a 9mm Makarav handgun (alternatively identified as a Makarav .380 caliber pistol), approximately 50 tablets of methamphetamine, and bags of crystal methamphetamine[1] found during the search of his car should be suppressed.

Contrary to Lewis's argument, the officers had probable cause to arrest him, even without the evidence in the safe. A tip provided by a confidential informant, police corroboration of that tip, and the drugs and drug paraphernalia in plain view in his hotel room constituted probable cause to arrest Lewis, regardless of any contraband found in the hotel safe.[2] Indeed, the officers had already decided to arrest Lewis, and had set a plan in motion to do so by attempting to arrange a meeting with him, before the

---

[1]   Laboratory tests showed the substances found in Lewis's car to be 13 grams of pure methamphetamine and four grams of a mixture containing a detectable amount of MDMA.

[2]   See Illinois v. Gates, 462 U.S. 213, 241-46 (1983); United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995).

hotel safe was opened.  The searches of Lewis's vehicle and person were therefore valid searches incident to his lawful arrest.[3] Lewis acknowledged that the evidence obtained during the search of the car —— including the handgun, the meth, and the bag of crystal meth —— belonged to him; and that evidence was sufficient to support convictions on each count.  Thus, even if the evidence found in the safe were to be suppressed, the other lawfully admitted evidence was more than sufficient to support his conviction.  The judgment of the district court is

AFFIRMED.

---

[3] United States v. Hernandez, 825 F.2d 846, 852 (5th Cir. 1987).